# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 15 C 1155 |
| ) | |
| GUY RINEY ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

A jury found Guy Riney guilty on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The Court sentenced Riney to 204 months in prison.

Riney has filed a *pro se* motion asking the Court to vacate his conviction pursuant to 28 U.S.C. § 2255. In his motion and a first amended motion, Riney contends that (1) the search of his person leading to his arrest violated his Fourth Amendment right to not be unreasonably searched; (2) the prosecutor engaged in misconduct by withholding the identities and locations of witnesses from Riney's counsel; (3) the Court erred in denying Riney's motion to suppress evidence; and (4) Riney's first and second appointed counsel rendered ineffective assistance. Recently, Riney filed a further amendment to his section 2255 motion in which he presents a sentencing-related claim based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

For the reasons stated below, the Court overrules the grounds for relief asserted in Riney's original and first amended section 2255 motion and sets a schedule for

briefing his *Johnson* claim.

## Facts

**1.    Arrest and indictment**

On September 2, 2009, two Chicago police officers, John McKenna and Abraham Lara, were driving in a patrol car looking for two suspects in a shooting. They testified that they saw two men who fit the description of the suspects sitting in a parked car a few blocks away from the site of the shooting. One of the men was Riney. The officers said they pulled up behind the car. When Riney exited the car, officer Lara told Riney to show his hands. McKenna testified that he noticed what appeared to be a gun in Riney's waistband. He said he shouted commands at Riney, but Riney continued to walk away. McKenna said he then detained Riney, conducted a pat-down search and recovered a firearm. The officers then arrested Riney. They also noted that there were two other people in the car, a woman named Kashonda Floyd and an unidentified male.

On February 15, 2011, a grand jury returned a one-count indictment charging Riney with being a felon knowingly in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On March 3, 2011, the Court appointed Nicholas Grapsas to represent Riney.

**2.    Motion to quash arrest and suppress evidence**

On July 5, 2011, Riney filed a motion to quash arrest and suppress evidence, primarily the gun that had been seized from his person. He contended the police lacked a proper legal basis to search and arrest him. In an affidavit attached to the motion, Riney stated that he had been standing on the front porch of his house when officer McKenna pulled up to a vehicle containing two passengers parked near his house.

2

Riney stated that McKenna got out of his car and told him to come closer. Riney further stated that, after he followed McKenna's instructions and moved closer, McKenna pulled him out through the front gate and forcibly searched him without his permission and without any proper basis.

Judge Pallmeyer, to whom the case was then assigned, ordered an evidentiary hearing on the motion. At the end of the first day of the hearing on December 8, 2011, Judge Pallmeyer paused the hearing so that Grapsas could have more time to attempt to interview Kashonda Floyd, the female passenger in the car. On January 19, 2012, Grapsas was granted leave to withdraw as Riney's counsel, and Judge Pallmeyer appointed Michael Petro as a substitute counsel. The hearing continued on March 23, 2012 and June 8, 2012, and officers Lara and McKenna testified.

On June 12, 2012, Judge Pallmeyer denied Riney's motion to suppress. She found the officers to be truthful when they said they had seen the gun before they searched Riney. Based on this testimony, Judge Pallmeyer concluded that the officers had reasonable suspicion to stop and search Riney as well as a proper basis to arrest him after recovering the gun.

### 3. Conviction and sentence

On August 21, 2012, Riney's case was reassigned to the undersigned judge. On August 30, 2012, following a trial, a jury found Riney guilty. The Court later sentenced him to 204 months of imprisonment. The sentence was enhanced pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

Riney appealed his conviction and sentence. He argued the Court erred in denying his motion to suppress and in applying the two-level enhancement for

obstruction of justice to his sentencing guideline during the sentencing hearing. On February 10, 2014, the Seventh Circuit affirmed the denial of Riney's motion to suppress and held that the obstruction of justice enhancement was harmless error because it did not impact Riney's sentence given the ACCA enhancement. *United States v. Riney*, 742 F.3d 785 (7th Cir. 2014).

On February 3, 2015, Riney filed his section 2255 motion. On April 30, 2015, he amended his motion, without seeking leave of court, and he also filed a motion for appointment of counsel. More recently, on July 27, 2015, Riney filed still another amended motion, again without seeking leave of court. As indicated earlier, the amended motion asserts a claim arising from the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## Discussion

To obtain relief under section 2255, Riney must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Court must hold an evidentiary hearing on the motion if Riney alleges facts that, if proven to be true, would entitle him to relief. 28 U.S.C. § 2255(b); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). The Court need not hold an evidentiary hearing if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

**1.    Fourth Amendment claim**

Riney contends that he was unreasonably searched and seized in violation of the

4

Fourth Amendment, based on the same allegations that he outlined in his motion to suppress. In his section 2255 motion, Riney asserts that after he responded to the officer's request to move from his front porch and closer to the officer, the officer pulled him by his collar out through his front gate and searched him. He contends there was no proper basis for this seizure and the ensuing search.

Riney already has unsuccessfully presented this contention to the Court. After an evidentiary hearing held over a period of several days, in which Riney waived his right to testify, Judge Pallmeyer held the officers had a reasonable suspicion to stop and search him and a proper basis to seize the weapon that was on his person. The Seventh Circuit affirmed that decision. *Riney*, 742 F.3d at 789–90. A section 2255 motion is not a vehicle for getting a second crack at arguments made and rejected on direct appeal. *See, e.g., Peoples v. United States*, 403 F.3d 844, 847-48 (7th Cir. 2005). Riney has offered no viable basis to revisit this claim; the governing law has not changed, and he has not identified any new evidence that might affect the outcome. *See id.*

## 2. Denial of Riney's motion to suppress illegally seized evidence

In a variation on his first claim, Riney also argues that Judge Pallmeyer erred in denying his motion to suppress evidence. Riney reasserts the arguments outlined in his motion to suppress, but he does not point to a reason as to why the Court's decision was in error. Indeed, Riney misquotes Judge Pallmeyer when he says that she "decided not to determine 'whether or not the officer had probable cause or reasonable suspicion to make the stop, but, whether or not, the officer could see the gun in the defendant's waistband.'" In her oral decision on the motion, Judge Pallmeyer stated

that "the real question is whether there was—whether there is evidence in the record from which the Court can conclude that there was reasonable suspicion for a stop and a search and seizure of a weapon." June 12, 2012 Tr. at 21 (Case No. 11 CR 115, dkt. no. 107). Judge Pallmeyer believed, based on her assessment of the evidence, that the officers saw the gun before they searched Riney and that their testimony about the circumstances of the stop and search was truthful. *Id.* at 22-23.

As the Court indicated earlier, a section 2255 motion is not an occasion to rehash arguments that were or could have been raised on appeal. Riney is not entitled to relief on the ground that Judge Pallmeyer erroneously denied his motion to suppress.

**3.     Prosecutorial misconduct claim**

Riney contends that the prosecutor in his case knew he wanted to use what he calls an alibi defense on the motion to suppress and at trial but withheld the identities and the contact information of Kashonda Floyd and the male driver of the car. Strictly speaking, "alibi" is not the correct terminology for the point Riney is making. An alibi defense is "based on the physical impossibility of a defendant's guilt by placing the defendant in a location other than the scene of the crime at the relevant time." Black's Law Dictionary (10th ed. 2014). Riney is not talking about an alibi defense as such; he does not and did not dispute the fact that the officers searched and arrested him outside his house on September 2, 2009. Rather his point, as the Court understands it, is that he was not actually in the place where the officers say he was when they approached and searched him.

Though he frames it differently, Riney is arguing that the prosecutor violated *Brady v. Maryland* by withholding information potentially favorable to Riney. *See Brady*

6

*v. Maryland*, 373 U.S. 83 (1963). Riney contends that Floyd and the male passenger would have helped him at the hearing on the motion to suppress by testifying that he was not in or near the car when police officers searched him. To prevail on a *Brady* claim, Riney must prove "the evidence is (1) favorable, (2) suppressed, and (3) material to the defense." *United States v. Walker*, 746 F.3d 300, 306 (7th Cir. 2014) (internal quotation marks omitted). He cannot "demand a new trial based on mere speculation or unsupported assertions that the government suppressed evidence." *United States v. Jumah*, 599 F.3d 799, 809 (7th Cir. 2010) (internal quotation marks omitted).

Riney does not point to any evidence that the prosecutor withheld or concealed identity and contact information for Floyd. Indeed, the record shows otherwise. A few days before the first day of the evidentiary hearing, on November 29, 2011, the prosecutor sent defense attorney Grapsas a letter detailing Floyd's testimony from interviews with the government. On the first day of the evidentiary hearing, the prosecutor acknowledged the difficulties that Grapsas had in talking to Floyd and offered "to reach out to her family and tell them that [the defense investigator] is not some person trying to find her to cause harm to her or something." And a few days before the trial, on August 24, 2012, the prosecutor sent substitute defense counsel Petro an e-mail that included an attachment with the address at which the government had contacted Floyd.

In addition, Riney provides no evidence that the prosecutor knew the identity and contact information of the male driver and withheld it. According to Riney, neither his counsel nor the government knew the name or contact information of the male driver.

For these reasons, Riney's *Brady* claim lacks merit.

7

### 4. Ineffective assistance of counsel claims

To obtain relief on a claim of ineffective assistance of counsel, Riney must show "that (1) his trial attorney's "performance fell below an objective standard of reasonableness, and (2) but for the counsel's unprofessional errors the result of the proceeding would have been different." *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014) (internal quotation marks omitted).

#### a. **Attorney Petro**

Riney contends Petro, his second attorney, rendered ineffective assistance because he did not file a notice of alibi defense. Petro's decision not to file an alibi defense does not fall below an objective standard of reasonableness because an alibi defense was not appropriate in this case, as the Court has explained.

In addition, Riney argues that Petro gave ineffective assistance because he did not compel the attendance of Floyd and the male driver of the car. It is not altogether clear that Petro could have secured Floyd's presence at the suppression hearing or at trial, but assuming that was possible, the decision not to call her to testify was reasonable given her grand jury testimony. Floyd testified under oath before the grand jury that she "was not able to see the encounter between Unc [Riney] and the police officer after Unc got out of the Infiniti because Unc's back was to me." Gov't's Resp. to Pet'r's Mot. to Vacate, Ex. B at 9. In a later interview, Floyd told law enforcement that she was, in fact, able to see the initial encounter between Riney and the police officer. But Petro could make a reasonable decision not to call Floyd given her earlier testimony under oath.

Riney has not shown that Petro's failure to call the male driver of the vehicle to

testify was prejudicial, because he offers no evidence of what the man would have said had he testified. In addition, it was not unreasonable for Petro to fail to call a witness whose name and location were unknown (Riney offers no evidence that identifying information was available).

Finally, Riney argues that Petro rendered ineffective assistance because he did not seek to compel the prosecutor to testify that officer Lara "committed perjury during the Defendant's motion to suppress hearing." But Riney does not develop the argument fully and, though he refers to a report by federal law enforcement agents and the transcript of the motion to suppress, he does not indicate what in particular in these documents he relies on to support his claim. The Court declines to consider this undeveloped point. *See United States v. Manjarrez*, 258 F.3d 618, 626 n.4 (7th Cir. 2001) (finding an insufficiently developed ineffective assistance argument forfeited).

### B. Attorney Grapsas

Riney contends Grapsas, his first attorney, rendered ineffective assistance because he knew or should have known that Riney did not need to include an affidavit in his motion to suppress in order to obtain a hearing. Riney argues that the inclusion of the affidavit set him up for an obstruction-of-justice enhancement under the Sentencing Guidelines.

Riney has offered nothing to suggest that there is a reasonable probability that his sentence would have been different even if no affidavit had been filed. *See Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003). On appeal in Riney's case, the Seventh Circuit held the two-level obstruction of justice enhancement was harmless error, because "the armed career criminal guideline trumped the effect of the obstruction

9

enhancement, and there is no indication that the enhancement had any effect on the ultimate sentence." *Riney*, 742 F.3d at 791. The latter point was absolutely correct; this Court did not take the affidavit into account imposing sentence (there is no mention of it in the Court's discussion of the grounds for imposing sentence).

**5.     Amended motion—claim under *Johnson v. United States***

In an amended motion, filed on July 27, 2015, Riney asserts a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). He argues that under *Johnson*, which he contends applies retroactively, his sentence should not have been enhanced under the ACCA.

The Seventh Circuit recently held that *Johnson* applies retroactively to cases on collateral review because it is a rule of substantive criminal law. *See Price v. United States*, --- F.3d ----, 2015 WL 4621024 (7th Cir. Aug. 4, 2015). The government, however, has not yet had an opportunity to address Riney's claim regarding how *Johnson* applies to his case. The Court sets a schedule below for briefing this claim.

## Conclusion

For the reasons stated above, the Court overrules the claims contained in Riney's original and first amended section 2255 motion and also overrules Riney's request for an evidentiary hearing. The Court directs the government to respond to Riney's second amended motion by no later than September 4, 2015 and directs Riney to reply to the government's response by no later than September 25, 2015.

Date:  August 14, 2015
_____
MATTHEW F. KENNELLY
United States District Judge

10