**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 15 C 1155 |
| | ) | |
| GUY RINEY | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Guy Riney filed a *pro se* motion under 28 U.S.C. § 2255. The Court ruled against him on each of the claims made in his motion and first amended motion. *See United States v. Riney*, No. 15 C 1155, 2015 WL 4880919 (N.D. Ill. Aug. 14, 2015). Riney also filed a second amendment to his section 2255 motion, presenting a claim regarding his sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). In its decision overruling Riney's other clams, the Court set a schedule for the government to respond to Riney's new claim and for Riney to reply to the government's response. The government filed a timely response. Riney did not file a reply by the date the Court set and did not seek an extension of time. The Court therefore proceeds to rule on his remaining claim.

The indictment in Riney's case charged him with possessing a firearm after having been convicted by a felony and also alleged that he was subject to an enhanced sentence under the ACCA. A jury found him guilty on the firearm charge. At sentencing, the Court concluded that Riney was subject to an enhanced sentence under

the ACCA based on his three prior Illinois burglary convictions as well as a prior Illinois domestic battery conviction. The Court made the following determinations:

> All right. I think the government has adequately shown, not necessarily by the nature of the statutory charge itself, but by the nature of the charging documents in the particular cases, that at least three burglary convictions that Mr. Riney has from 1984 and 1985 qualify under the Armed Career Criminal Act.
>
> So Illinois has what's referred to as a generic burglary statute. Well, it has a statute that defines as burglary things that do qualify for treatment as prior violent felonies under the Armed Career Criminal Act and things that don't. The ones that would fall in the latter category I would presume would be things like burglary to an automobile. It's not a structure. The charging documents in the three cases that I referred to here which the government provided along with its memorandum reflect that in each one of the situations Mr. Riney was charged with and pled guilty to committing a burglary on a garage, which is a structure. And that's true of all three of them. And therefore I think those qualify under the Armed Career Criminal Act. And additionally, as Mr. Perconte has pointed out, the aggravated domestic battery charge I think on its face would qualify.
>
> So there's four, and you only need two. And the two that Mr. Riney was charged with at or around the same time, each qualifies as a separate one because they're two different crimes. So I think the government's adequately shown that Mr. Riney qualifies as an armed career criminal under the statute.

*United States v. Riney*, No. 11 CR 115, Feb. 14, 2013 Tr. at 6-7 (dkt. no. 103).

The ACCA says that a person who violates the felon-in-possession statute and has "three previous convictions . . . for a violent felony or a serious drug offense" is subject to an enhanced sentence. 18 U.S.C. § 924(e)(1). The term "violent felony" is defined as any felony that has as an element the actual, attempted, or threatened use of physical force against the person of another or any felony that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(i)-(ii). The last part of the definition—covering offenses that "otherwise involve[ ] conduct that presents

2

a serious potential risk of physical injury to another"—is commonly called ACCA's "residual clause."

Riney's claim is that his sentence should not have been enhanced under the ACCA. His claim appears to be based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court ruled that ACCA's residual clause is unconstitutionally vague. When this Court sentenced Riney, however, it did not rely on the residual clause. Rather, it based Riney's enhancement on his burglary convictions and on his conviction for domestic battery, an offense that "has as an element" the use of physical force within the meaning of section 924(e)(2)(B)(i).

Putting *Johnson* aside, the Court's imposition of an ACCA-enhanced sentence was proper and not erroneous. A court typically determines whether an offense is a violent felony under the ACCA by examining the statutory elements of the crime, an analysis called the "categorical" approach. If, however, a statute criminalizes both conduct that qualifies as a violent felony and conduct that does not, a court uses the "modified categorical approach," examining the terms of the charging document, the guilty plea agreement, or the guilty plea colloquy, to determine whether the offense qualifies as a violent felony. *See, e.g., United States v. Brooks*, 468 F. App'x 623, 626 (7th Cir. 2012).

Most of Riney's potentially qualifying offenses were convictions for burglary. Burglary is a violent felony under the ACCA only if it is a "generic burglary," namely, unlawful entry into a building or other enclosed structure with the intent to commit a crime. *See id.* The Illinois burglary statute under which Riney was convicted is a "nongeneric burglary" statute because it defines burglary to include unlawful entry to an

3

automobile, which is not a structure. For this reason, the Court used—appropriately—the modified categorical approach to determine whether his convictions constituted violent felonies under the ACCA. *See id.* Specifically, as reflected by the above-quoted excerpt from the transcript of the sentencing hearing, the Court determined that in each of the three burglary cases, "[t]he charging documents . . . reflect that in each one of the situations Mr. Riney was charged with and pled guilty to committing a burglary on a garage, which is a structure." *United States v. Riney*, No. 11 CR 115, Feb. 14, 2015 Tr. at 7 (dkt. no. 103). Riney offers nothing in his amended section 2255 motion that would suggest the Court erred.

In sum, *Johnson* does not affect Riney's ACCA-based sentence, nor was the imposition of an ACCA-based sentence otherwise erroneous. The Court therefore overrules Riney's remaining claim.

## Conclusion

For the reasons stated above and those set forth in the Court's August 14, 2015 decision, the Court directs the Clerk to enter judgment dismissing Guy Riney's motion under 28 U.S.C. § 2255. The Court also declines to issue a certificate of appealability, because none of Riney's claims was fairly debatable.

Date: November 25, 2015

_____
MATTHEW F. KENNELLY
United States District Judge